IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE JAMES DANIELS, ) | |
| # 118348, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No.1:09cv34-TMH |
| ) | (WO) |
| GARY HETZEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 filed on January 13, 2009, by state inmate Willie James Daniels ("Daniels").[1] By his petition, Daniels challenges a first-degree assault conviction entered against him in December 1997 by the Circuit Court of Coffee County, Alabama. Daniels was sentenced on February 5, 1998, to a term of 40 years in prison. He did not appeal the conviction.

The respondents have filed an answer in which they argue that Daniels's habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because the conviction that

---

[1] Daniels's petition was date-stamped "received" in this court on January 15, 2009; however, it was signed by Daniels on January 13, 2009. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Daniels] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Daniels challenges became final in 1998 – after the effective date of the statute of limitations – Daniels must have filed his § 2254 petition within a year of the conviction's becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction was pending in the state courts. The respondents observe that Daniels challenged his conviction and sentence through a state post-conviction petition filed in July 2007. However, the respondents maintain that the state proceeding had no effect on the running of the federal limitation period in 28 U.S.C. § 2244(d)(1), as it was initiated well after the federal limitation period expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Daniels's § 2254 petition is precluded from review by this court because it was not filed within the time allowed by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Daniels was convicted, following a jury trial in the Circuit Court of Coffee County, on December 18, 1997. He was sentenced on February 5, 1998. He did not file a direct appeal of his conviction or sentence. Because he failed to undertake the direct appeal process, his conviction became final on March 19, 1998 (forty-two days after imposition of sentence), as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date and ran

uninterrupted until it expired on March 19, 1999.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." By the time Daniels filed his state post-conviction petition challenging his conviction (in July 2007), the time allowed Daniels for the filing of a timely federal habeas petition had long since expired. Thus, the state proceeding could have no tolling effect on the running of the federal limitations period. *Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333 & 1335 n.4.

Under the circumstances of this case as outlined in this order, it appears that the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired well before January 13, 2009, the date on which Daniels filed the instant habeas petition under § 2254. Accordingly, it is

**ORDERED that on or before February 25, 2009**, Daniels shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 5th day of February, 2009.

                                                             /s/Susan Russ Walker
                                                           SUSAN RUSS WALKER
                                                           CHIEF UNITED STATES MAGISTRATE JUDGE