IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE JAMES DANIELS, )<br># 118348, )<br>  )<br>   Petitioner, )<br>  )<br>   v. )<br>  )<br>GARY HETZEL, *et al.*, )<br>  )<br>   Respondents. ) | Civil Action No.1:09cv34-TMH<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

Willie James Daniels ("Daniels"), an Alabama inmate, is before this court on a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed on January 13, 2009. (Doc. No. 1.) Daniels challenges a conviction for second-degree assault entered against him in December 1997 following a jury trial in the Circuit Court of Coffee County, Alabama (case no. CC-96-12). On February 5, 1998, Daniels was sentenced for that conviction to 40 years in prison under Alabama's habitual felony offender statute. The sentence was ordered to run concurrently with a 40-year sentence Daniels received in a separate case for first-degree escape (case no. CC-98-21). Daniels asserts that his counsel rendered ineffective assistance by failing to perfect an appeal on his behalf after the trial court denied counsel's motion to withdraw from representing Daniels.

The respondents filed an answer (Doc. No. 7) in which they argue that Daniels's failure to file the instant petition within the one-year limitation period applicable to 28 U.S.C.

§ 2254 petitions means his petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1).[1] The respondents specifically argue that because the challenged conviction became final in 1998 – after AEDPA's limitation period was enacted – Daniels was required to file his § 2254 petition within a year of his conviction's becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction was pending in the state courts. The respondents observe that Daniels challenged his conviction and sentence through a state post-conviction petition filed in July 2007 under Ala.R.Crim.P. However, the respondents maintain that the state proceedings had no effect on the running of the limitation period in 28 U.S.C. § 2244(d)(1), because they were initiated well after the one-year federal limitation period expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001).

Based on the respondents' answer and the evidentiary material file therewith, this court entered an order advising Daniels that it appeared he had failed to file the present petition within the one-year limitation period. (Doc. No. 9.) The order gave Daniels an opportunity to show cause why his petition is not barred from review by this court. Daniels filed a response to the court's order. (Doc. No. 11.)

Upon review of the pleadings filed in this case, the evidentiary materials, and the applicable law, this court concludes that Daniels's § 2254 petition should be denied and this case dismissed because the petition was not filed within the time allowed by federal law.

---

[1] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

## II.   DISCUSSION

*A.*   *Limitation Period*

The Antiterrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year limitation period on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Thus the statute, at § 2244(d)(1)(A), directs that the limitation period

for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired.

Daniels was convicted of second-degree assault in December 1997 following a jury trial in the Circuit Court of Coffee County. On February 5, 1998, he was sentenced, as an habitual offender, to 40 years in prison. He did not file a direct appeal of his conviction or sentence. Because he failed to undertake the direct appeal process, his conviction became final on March 19, 1998 (42 days after imposition of his sentence), as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), Alabama Rules of Appellate Procedure; *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). The one-year period of limitation contained in § 2244(d)(1)(A) therefore began to run on this date and ran uninterrupted until it expired on March 19, 1999.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." By the time Daniels filed his state Rule 32 petition challenging his assault conviction (the Rule 32 petition was filed in July 2007), the time allowed Daniels for filing a timely federal habeas petition had long since expired. Thus, the state Rule 32 proceedings could have no tolling effect on the running of the federal limitation period. *Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333 & 1335 n.4. Under the circumstances, then, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired more than nine years before Daniels filed the instant § 2254 petition.

B.     *Other Statutory Exceptions to Limitation Period*

Any efforts by Daniels to seek harbor in the statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B)-(D) would be unavailing in this case. There is no evidence that any unconstitutional or illegal State action impeded Daniels from filing a timely § 2254 petition. *See* § 2244(d)(1)(B). Daniels's claims also do not rest on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* § 2244(d)(1)(C). Finally, Daniels does not submit any grounds for relief that arguably could not have been put forth earlier under the exercise of due diligence. *See* § 2244(d)(1)(D).

C.     *Equitable Tolling of Limitation Period*

The limitation period may be equitably tolled on grounds apart from those specified in2 8 U.S.C. § 2244(d) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002); *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

As noted above, this court entered an order allowing Daniels an opportunity to show cause why his petition should not be time-barred from review by this court. (Doc. No. 9.)

While Daniels did file a response to the court's order (Doc. No. 11), his response does not contain an argument asserting any credible basis for either equitable or statutory tolling of the limitation period in his case.  Because Daniels has shown no basis for tolling, statutory or equitable, his federal habeas petition is time-barred, and it is unnecessary to address the merits of the claims he raises in the petition.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be denied as time-barred and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **November 4, 2010**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 21st day of October, 2010.

      /s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE